

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 17 2002

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| ELAINE L. CHAO,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>                        Plaintiff,<br><br>            v.<br><br>LOCAL 732, AMERICAN POSTAL WORKERS<br>UNION, AFL-CIO,<br><br>                        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION

NO. _____

3-02CV0126-G

COMPLAINT

I

Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519 et seq., 29 U.S.C. § 481, et seq., hereinafter referred to as the Act) as applied to the defendant by the Postal Reorganization Act at 39 U.S.C. 1209(b).

II

Jurisdiction of this action is conferred upon the Court by section 402(b) of the Act (29 U.S.C. § 482(b)).

III

Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 2010 Postal Way, City of Dallas, County of Dallas, State of Texas, within the jurisdiction of this Court.

IV

Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

V

Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the American Postal Workers Union, AFL-CIO, hereinafter referred to as the National, a national labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. §§ 402(i) and 402(j)).

VI

Defendant, purporting to act pursuant to its By-Laws and the National's Constitution, conducted an election of officers on May 19, 2001, which election was subject to the provisions of Title IV of the Act (29 U.S.C. § 481, et seq.).

VII

By letter dated May 22, 2001, to the local's Election Committee, the complainant Lewis E. Fulbright, a member in good standing of defendant, protested the defendant's May 19, 2001 election. By letter dated May 25, 2001, to the complainant, the local's Election Committee denied the protest. By letter dated May 28, 2001, to the National's Election Appeals Committee, the complainant appealed the decision of the Election Committee. On August 6, 2001, the National's Election Appeals Committee denied the appeal. Having exhausted the remedies available under the local's By-Laws and the International's Constitution and receiving a final decision, the complainant filed a timely complaint with the Secretary of Labor on September 5, 2001, in accordance with section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

2

VIII

Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and as a result of the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act (29 U.S.C. § 481, et seq.) had occurred in the conduct of the election and had not been remedied at the time of the institution of this action.

IX

The following violations of section 401(e) of the Act (29 U.S.C. § 481(e)) occurred during the conduct of the defendant's aforesaid election:

(1)    members ineligible to vote were allowed to vote in violation of defendant's By-Laws and the National Constitution;

(2)    members eligible to vote were denied the right to vote when defendant failed to count ballots cast by those members; and

(3)    members eligible to vote were denied the right to vote when defendant failed to mail ballots to them.

X

The violations of section 401(e) of the Act (29 U.S.C. § 481(e)), found and alleged above may have affected the outcome of the defendant's May 19, 2001 election for the at-large office positions of President, Executive Vice President, Sergeant-at-Arms, Editor, BMC Director and Trustees (3); and the positions of Clerk Craft Director and Delegates (29), Maintenance Craft Business Agent # 1 and Delegate (5), and Motor Vehicle Craft Business Agent #2 and Delegates (5).

WHEREFORE, plaintiff prays for judgment:

(a) declaring the defendant's election for those offices to be null and void;

3

(b) directing the defendant to conduct a new election for those offices, under the supervision of the plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

ROBERT MCCALLUM
Assistant Attorney General

RICHARD H. STEPHENS
United States Attorney

FRANK D. ABLE
Assistant United States Attorney
Texas State Bar No. 00810250
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
(214) 659-8610
(214) 767-2916

Attorneys for Plaintiff

Of Counsel:

EUGENE SCALIA
Solicitor of Labor

JOHN F. DEPENBROCK
Associate Solicitor

DENNIS A. PAQUETTE
Counsel for Litigation

WILLIAM EVERHART
Regional Solicitor

FREDERICK BOWEN
Attorney

4