ORIGINAL



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 732, AMERICAN POSTAL WORKERS UNION, AFL-CIO<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3-02-CV-0126-BD (G)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF SETTLEMENT

COMES NOW Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, and Defendant, Local 732, American Postal Workers Union AFL-CIO, through their respective counsel, hereby stipulate and agree as follows:

1. This action was brought by the Plaintiff pursuant to Title IV of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401, et seq. ("Act"), for the purpose of setting aside certain elections which were part of Defendant's triennial election held on May 19, 2001, and for the purpose of requesting new elections for affected offices under the supervision of the Plaintiff.

2. The parties, in settlement of this action without the necessity of a trial, and Defendant, neither admitting nor denying that a violation of the Act has occurred as alleged, hereby stipulate and agree to take each of the following actions under the supervision of the Plaintiff:



  a. Defendant shall count by January 31, 2003 the twelve ballots identified by the Plaintiff as having been submitted to the Defendant in return envelopes with marked or otherwise modified return address labels and which voter eligibility could be identified;

  b. Defendant shall count by January 31, 2003 the sixty-three ballots identified by the Plaintiff as having been returned by eligible voters and left at the Post Office on May 19, 2001;

  c. Based on the counting of the above-referenced seventy-five votes, Defendant shall re-adjust its stated margins of victory for its May 19, 2001 election;

  d. As soon as practicable following the count of the votes described above, the Defendant shall open nominations for all offices in its May 19, 2001 election which are affected by the sixty-seven votes which the parties have agreed were cast by persons who were ineligible to vote the 2001 election;

  e. Defendant shall conduct a new election for all offices in its May 19, 2001 election which are affected by the sixty-seven votes which the parties have agreed were cast by persons who were ineligible to vote in the 2001 election;

  f. Said elections shall be completed as soon as practicable but in no case later than May 31, 2003.

3. The supervised elections shall be conducted in accordance with Title IV of the Act, 29 U.S.C. § 481, et seq., and, insofar as lawful and practicable, in accordance with the National Constitution and Bylaws of the American Postal Workers Union, AFL-CIO, and with the Constitution and Bylaws of the Local 732.

4. All decisions as to the interpretation or application of Title IV of the Act, the National Constitution and Bylaws of the American Postal Workers Union, AFL-CIO, and the Constitution and Bylaws of the Local 732, relating to the supervised elections are to be determined by the Plaintiff, subject to the challenge of this Court.

5.   The Court shall retain jurisdiction of this action and after completion of the supervised election, the Plaintiff shall certify to the Court the names of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the National Constitution and Bylaws of the American Postal Workers Union, AFL-CIO, and the Constitution and Bylaws of the Local 732. Upon approval of such certification, the Court shall enter a Judgment declaring that such persons were elected as shown by such certification, to serve until the next regularly scheduled election of officers of Local 732 to be held in May 2004.

6.   Each party agrees to bear its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of the above-referenced proceeding including, but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

Respectfully Submitted,

JANE BOYLE
United States Attorney

By: *[signature]*

By: *[signature]*

MICHAEL WOODS
President, Local 732, APWU, AFL-CIO

FRANK D. ABLE by permission
Assistant United States Attorney
Texas Bar No. 00810250
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214/659-8610
Facsimile: 214/767-2916

*[signature]*
EDWARD B. CLOUTMAN
Law Offices of Edward B. Cloutman, III
Texas Bar No. 04411000
3301 Elm Street
Dallas, Texas 75226-1637
Telephone: 214/939-9222
Facsimile: 214/939-9229

EUGENE SCALIA
Acting Solicitor of Labor
WILLIAM E. EVERHEART
Regional Solicitor
JAMES E. CULP
Deputy Regional Solicitor

*[signature]*
DANIELLE L. JABERG
LINDSAY A. MCCLESKEY
Attorneys

Attorney for Defendant.

United States Department of Labor
Office of the Solicitor
525 S. Griffin, Room 501
Dallas, Texas 75202
Telephone: 972/850-3100
Facsimile: 972/850-3101

Attorneys for Plaintiff.